UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
OLGA MARIA CORONEL, on behalf of herself : Case No. 19-CV-3054
and others similarly situated, : (KHP)
:
Plaintiff, :
:
-against- :
:
ROYAL KATSUEI INC., SUSHI KATSUEI INC., :
and AUNG KO WIN, :
:
Defendants. :
---------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND RELEASE
## OF WAGE AND HOUR CLAIMS

This Settlement Agreement and Release of Wage and Hour Claims ("Agreement"), is entered into by and between Olga Maria Coronel (hereinafter referred to as "Plaintiff" or "Releasor"), and Royal Katsuei Inc. and Sushi Katsuei Inc., and each of their parent companies and any of their subsidiaries, divisions, related companies, predecessors, successors, assigns, current or former employees, agents, shareholders, officers, directors and representatives, as well as Aung Ko Win (hereinafter collectively referred to as the "Defendants" or "Releasees") (Plaintiff and the Defendants are referred to herein as the "Parties").

WHEREAS, on April 5, 2019, Plaintiff filed suit for damages titled *Olga Maria Coronel, on behalf of herself and others similarly situated v. Royal Katsuei Inc., et al.*, in the United States District Court for the Southern District of New York, Civil Action No. 19-CV-3054 (KHP) (hereinafter referred to as the "Action"), alleging claims for, *inter alia*, unpaid minimum wages and overtime compensation due under the federal Fair Labor Standards Act and New York State Labor Law; and,

WHEREAS, the Defendants have contested the claims set forth in the Action and deny any and all liability; and,

WHEREAS, the Parties now desire to settle the Action and to resolve fully all wage and hour disputes between them without the time, uncertainty, and expense of further litigation; and,

NOW, THEREFORE, in consideration of the promises and mutual covenants set forth in this Agreement, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

A.  **Consideration**

1.  In exchange for the promises contained in this Agreement, the Defendants, in accordance with the terms of this Agreement, shall pay to Plaintiff the total settlement amount of Thirteen Thousand Five Hundred Dollars ($13,500.00) (the "Settlement Sum"), which shall be paid as follows:

- **FIRST PAYMENT:** Within ten (10) days of the Court approving the terms of this Agreement as fair and reasonable, and dismissing the Complaint against the Defendants with prejudice, the Defendants shall pay to Plaintiff the amount of Six Thousand Seven Hundred Fifty Dollars ($6,750.00).

- **PAYMENTS 2:** Thirty (30) days following the First Payment, the Defendants shall pay to Plaintiff the amount of Six Thousand Seven Hundred Fifty Dollars ($6,750.00).

2.  The settlement payments described in Paragraph A(1) shall be paid to Plaintiff in exchange for Plaintiff's release of her wage and hour claims and other promises below, and in full and complete settlement of any and all wage and hour claims or potential wage and hour claims between the Parties, including but not limited to those arising from, involving or relating to Plaintiff's claims in the Action, including any and all claims for damages, liquidated damages, compensatory or punitive damages, injunctive relief, attorneys' fees, expenses and

2

costs, or other relief. The payments set forth in Paragraph A(1) shall be made payable to "Cilenti & Cooper, PLLC, as attorneys," and shall be sent to Justin Cilenti of Cilenti & Cooper, PLLC, 10 Grand Central, 155 East 44th Street, 6th Floor, New York, New York 10017, so as to be received no later than the dates indicated above.

3. The Parties agree that should any federal, state or local taxes be determined to be owing by any party on the payment of the sums received by Plaintiff under this paragraph, Plaintiff shall be solely and completely responsible for her taxes, interest or penalties. Plaintiff understands and agrees that no representation is made by or on behalf of the Defendants regarding tax obligations or consequences that may arise from this Agreement.

4. Plaintiff agrees to indemnify the Defendants and to hold the Defendants harmless for Plaintiff's share of taxes, penalties and interest, withholding or otherwise, as a consequence of the monies paid to Plaintiff pursuant to this Agreement.

5. Plaintiff's counsel shall provide a copy of all necessary information needed for tax purposes

6. Plaintiff shall cooperate and provide information to the Defendants, as reasonably necessary, to allow the Defendants to comply with all applicable federal, state and local tax laws.

B. **Penalty For Late Payment**

In the event that the Defendants fail to make a settlement payment in a timely manner pursuant to Paragraph A(1) of this Agreement, Plaintiff shall provide notice of the default by facsimile and email to counsel for the Defendants: Joshua Levin-Epstein, Esq., Jason Mizrahi, Esq., Levin-Epstein & Associates, P.C., 1 Penn Plaza, Suite 2527, New York, New York 10119, Facsimile: (212) 563-7108, Joshua@levinepstein.com, Jason@levinepstein.com.

3

The Settling Defendants will then have twenty (20) days from the date of receipt of such notice within which to cure the default. If the default is not cured within such time, the entire outstanding amount shall become due and owing as of the 21st day following receipt of said notice, together with liquidated damages in the amount of Two Thousand Five Hundred Dollars ($2,500.00). Plaintiff shall have the right to enforce immediate payment of all remaining unpaid portions of the Agreement, including having judgment entered against the Defendants, jointly and severally, and to recover reasonable attorneys' fees, costs and disbursements incurred in enforcing in Court the payment obligations under this Agreement or, in the alternative, to have the matter restored to the Court's active calendar for further litigation.

### C.   Release by Plaintiff

1. In consideration of the promises, payments and actions of the Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges the Defendants from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands concerning wage and hour claims including, but not limited to, any and all wage and hour claims arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act, as well as claims for minimum wages, overtime, commissions, unpaid wages, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expenses, reimbursements,

gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiff's employment with the Defendants and any other compensation or wages.

**D.   Agreement To Refrain From Filing Claims**

Plaintiff represents that he has not filed any other lawsuit or initiated any other proceeding against any of the Defendants, except the federal Action released herewith. Plaintiff also agrees not to bring any lawsuit or initiate any proceeding for any claim waived in any paragraph of this Agreement, and agrees, further, not to permit anyone else to do so on her behalf, to the maximum extent possible under applicable law.

**E.   Judicial Review/Dismissal of the Complaint**

Contemporaneously with the execution of this Agreement, the Parties, by their respective counsel, shall execute a Stipulation and Order of Dismissal, dismissing the Complaint with prejudice, which Stipulation and Order shall expressly provide that, with the Court's consent, the Court shall retain jurisdiction over this matter. The Parties, through counsel, will submit the Stipulation and Order of Dismissal, simultaneously with this Agreement, to the Court for judicial review and approval.

**F.   Representations and Acknowledgements**

1. Plaintiff represents that she has consulted with an attorney prior to signing this Agreement and that this Agreement is the product of negotiations between her attorneys and the attorneys for the Defendants. Plaintiff further represents that:

   (a) She has reviewed each and every provision of this Agreement;

   (b) The Agreement has been explained to her by her attorneys; and

   (c) She does in fact fully understand this Agreement, including the release of claims.

2. Plaintiff also represents that she voluntarily and knowingly enters into this Agreement of her own free will.

3. Plaintiff further represents that neither the Releasees nor any of their agents, representatives or attorneys made any representations concerning the terms or the effects of this Agreement other than those contained herein, that her decision to sign this Agreement is not based in whole or in part on any statement or promise that does not appear within the four corners of this document, and that she has been fairly represented by her attorneys throughout these proceedings.

### G. **Non-Admissions**

1. Plaintiff agrees that the Defendants are entering into this Agreement solely for the purpose of avoiding the burdens and expenses of protracted litigation. Plaintiff understands that by entering into this Agreement, the Defendants do not acknowledge or admit in any way that Plaintiff's claims in the Action have any merit, or that the Defendants engaged in any wrongdoing against Plaintiff or violated any federal, state or local law, statute, order, ordinance, rule, regulation, or contract or common law requirement, duty, or obligation.

2. Whether or not this Agreement becomes effective, neither this Agreement, nor any exhibit, documents, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiff in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of the Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation or principle of common law or equity; or (b) an admission or concession on the part of the Defendants that Plaintiff has suffered any damage. Additionally, Plaintiff agrees that nothing in this Agreement may be used

by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

### H. Attorneys' Fees and Costs

The Parties are responsible for their own attorneys' fees and costs in connection with this matter. In the event either party brings an action to enforce the terms of this Agreement, the prevailing party shall recover the costs and reasonable attorneys' fees from the other party.

### I. Complete Agreement

This Agreement constitutes the full and complete agreement between the Parties and fully supersedes any and all prior agreements, commitments or understandings between the Parties pertaining to the subject matter thereof.

### J. Additional Terms

1. This Agreement is made and entered into in the State of New York and shall in all respects be interpreted, enforced and governed under the laws of said State. The parties hereby consent to the jurisdiction of the United States District Court for the Southern District of New York in connection with any dispute concerning this Agreement.

2. The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless of who drafted it.

3. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain fully enforceable.

4.      This Agreement, including this paragraph, may not be altered in any respect except by a writing duly executed by the parties or authorized representatives of the parties. This Agreement may not be modified orally.

[Remainder of Page Intentionally Left Blank]

WHEREFORE, the Parties hereto have read the foregoing Agreement and accept and agree to the provisions contained herein.

By: _Olga Coronel_
Olga Maria Coronel

STATE OF NEW YORK	)
			)ss.:
COUNTY OF NEW YORK	)

On the 2nd day of December 2019, before me personally came Olga Maria Coronel to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that she executed the same.

Sworn to before me this 2nd
day of December 2019

_____
Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2015 27

[Remainder of Page Intentionally Left Blank]

By: _____
      Aung Ko Win

STATE OF NEW YORK    )
                           )ss.:
COUNTY OF NEW YORK  )

On the 9th day of December 2019, before me personally came Aung Ko Win to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

Sworn to before me this 9th
day of November 2019

_____
Notary Public

CHUN W. WONG
Notary Public, State of New York
No. 02WO5057243
Qualified in New York County
Commission Expires March 18, 2022

Royal Katsuei Inc.

By: _____
   AYE AYE SWE, OWNER
   [Print Name and Title]

Sushi Katsuei Inc.

By: _____
   AUNG KO WIN, OWNER
   [Print Name and Title]

10